Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 20-cv-02388-LTB-GPG

GREGORY JOHNSON,

    Plaintiff,

v.

CARTER, Warden,

    Defendant.

---

## RECOMMENDATION REGARDING DISMISSAL

---

This matter comes before the Court on Plaintiff Gregory Johnson's Amended Prisoner Complaint (ECF No. 6)[1]. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 8)[2].

---

[1] "(ECF No. ___)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court must construe Plaintiff's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the case file and the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Amended Prisoner Complaint (ECF No. 6) be dismissed with prejudice as frivolous.

**I.     Factual and Procedural Background**

Plaintiff is in the custody of the federal Bureau of Prisons in Florence, Colorado. On August 10, 2020, he filed *pro se* a Prisoner Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). The Court granted the § 1915 Motion (ECF No. 4).

Due to deficiencies in the Prisoner Complaint, the Court entered an Order Directing Plaintiff to File Amended Prisoner Complaint (ECF No. 5). On September 11, 2020, Plaintiff filed an Amended Prisoner Complaint (ECF No. 6), which is the operative pleading.

The Amended Prisoner Complaint is not on a current Court-approved form and does not comply with the Order Directing Plaintiff to File Amended Prisoner Complaint. The pleading is not a model of clarity. The Court discerns that Plaintiff alleges his rights under the UCC are being violated, because he is "a living man, being injured by a corporation, being held illegally." (ECF No. 6 at 1). He requests this Court to order his immediate release. (*Id.* at 5).

**II.     Analysis**

The Court must screen the operative pleading pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  Section 1915(e)(2) and 1915A(b)(1) require a court to dismiss *sua sponte* an action or claim if it is frivolous.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A legally frivolous claim is one based on an indisputably meritless legal theory, such as the alleged infringement of a legal interest that clearly does not exist.  *Neitzke*, 490 U.S. at 327.  There is considerable overlap between the standards for frivolousness and failure to state a claim, and a claim that lacks an arguable basis in law is dismissible under both standards.  *Id.* at 326, 328.

"The UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally."  *Amerson v. United States*, 550 F. App'x 603, 604 (10th Cir. 2013) (unpublished) (collecting cases).  The U.S. Court of Appeals for the Tenth Circuit has found such arguments to be legally frivolous.  *See Harris v. Wands*, 410 F. App'x 145, 147 (10th Cir. 2011) (". . . use of commercial law theories based on the U.C.C. to attack the execution of [a] criminal sentence simply has no foundation in our laws."); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) ("Neither the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of [ ] imprisonment under 28 U.S.C. § 2241).").  Likewise, numerous courts

have found the "living man" theory to be frivolous. *See Osorio v. Connecticut*, No. 3:17-CV-1210 (CSH), 2018 WL 1440178, at *5-7 (D. Conn. Mar. 22, 2018) (collecting cases).

Plaintiff's reliance on the UCC and the "living man" principle constitutes an indisputably meritless legal theory. Thus, this Magistrate Judge respectfully recommends that the Amended Prisoner Complaint and this action be dismissed with prejudice as legally frivolous.

### III. Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Amended Prisoner Complaint (ECF No. 6) and this action be DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

DATED this 5th day of October, 2020.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge